Kenneth NULL and Barbara Null

v.

BOARD OF EDUCATION OF the COUNTY OF JACKSON, Carroll Staats, in his official capacity as Superintendent of Jackson County Public Schools, West Virginia State Board Of Education.

Civ. A. No. 6:92–0820.

United States District Court,
S.D. West Virginia,
Parkersburg Division.

March 11, 1993.

Paul O. Clay, Jr., Conrad & Clay, Fayetteville, WV, Michael P. Farris, Jordan W. Lorence and J. Michael Smith, Home School Legal Defense Ass'n., Paeonian Springs, VA, for plaintiffs.

Robert D. Fisher, Ass't. Pros. Atty., Ripley, WV, for Staats & Jackson Co. Bd. of Ed.

Brentz H. Thompson and Claude S. Smith, III, Asst. Attys. Gen., Basil Legg, Director WV Board of Ed., Charleston, WV, for WV State Bd. of Ed.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is the Plaintiffs' motion for preliminary injunction and the Defendants' motion to dismiss. The Court held a hearing on January 26, 1993, where the facts of this case were more fully developed by argument of counsel and documentary evidence. For reasons discussed below, the Court DENIES the motion for preliminary injunction. In accordance with *Rule 12(c)* of the Federal Rules of Civil Procedure, the Court treats the Defendants' motion to dismiss as a motion for summary judgment, and GRANTS the Defendants' motion for summary judgment.

Under *Rule 56(c)* of the Federal Rules of Civil Procedure, summary judgment is proper only:

[I]f the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law.

A principal purpose of summary judgment is to isolate and dispose of meritless litigation. *Celotex v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The moving party has the initial burden of showing the absence of a genuine issue concerning any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970). If the moving party meets its initial burden, the burden then shifts to the nonmoving party to "establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*

*Corp. v. Catrett*, 477 U.S. at 312, 106 S.Ct. at 2545–46. To discharge this burden, the nonmoving party cannot rely on its pleadings, but instead must offer evidence showing that there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. at 2553. Based on this standard the Court grants the Defendants' motion for summary judgment.

Plaintiff Barbara Null's son, Brent Anderson, attended Jackson County schools for kindergarten, first, and second grades. At the completion of second grade, Brent was removed for home schooling pursuant to W.Va.Code § 18–8–1, Exemption B(b). As a condition of home schooling, Exemption B(b)(4) provides as follows:

If the child's composite test results for any single year for English, grammar, reading, social studies, science and mathematics fall below the fortieth percentile on the selected tests, the person or persons providing home instruction shall initiate a remedial program to foster achievement above that level. If, after one year, the child's composite test results are not above the fortieth percentile level, home instruction shall no longer satisfy the compulsory school attendance requirement exemption.

At the completion of second grade Brent's composite score on a national standardized test was at the 62nd percentile. After the first year of home schooling Brent's composite score fell to the 17th percentile. After the second year of home schooling Brent's composite score rose to the 38th percentile. Because Brent failed to achieve the 40th percentile at the end of the second "remedial" year of home schooling, the Plaintiffs were informed that Brent was no longer eligible for home instruction under W.Va. Code § 18–8–1. This suit followed shortly thereafter.

The Plaintiffs' amended complaint asserts that W.Va.Code § 18–8–1, Exemption B(b) is unconstitutional on its face and as applied to Brent Null. The Plaintiffs claim it is a violation of due process and equal protection under the Fourteenth Amendment "to deny parents the right to continue to give their children home education when the students

achieve test scores which are in average ranges." The equal protection claim is based on alleged unequal treatment in the testing scores required of public school students versus home schooled students. The due process claim rests on parents' "fundamental right" and Fourteenth Amendment liberty interest in directing the education of their children. The Plaintiffs also assert a violation of 42 U.S.C. § 1983. Requested relief consists of a declaratory judgment holding W.Va.Code § 18–8–1, Exemption B(b) unconstitutional, and an injunction preventing legal action against the Plaintiffs for continuing to home school their son.

At the injunction hearing the State's compliance with Exemption B(b) was questioned. The Plaintiffs asserted that Brent Anderson's composite score did not reflect all six subjects enumerated in Exemption B(b)(4). The Court gave the parties fourteen days to submit deposition materials revealing how the score was computed, and assessing whether a composite score reflecting all six subjects could be accurately determined. No deposition materials have been submitted. Additionally, the Plaintiffs' amended complaint and brief in support of a restraining order make no reference to the State's alleged failure to comply with the testing procedure. The Court concludes this issue has been abandoned.

■ In determining whether to grant a preliminary injunction, four factors are considered: 1) the likelihood of irreparable harm to the petitioner; 2) the likelihood of harm to the respondent; 3) petitioner's likelihood of success on the merits; and 4) the public interest involved. *Blackwelder Furniture Company v. Seilig Manufacturing Company*, 550 F.2d 189, 193–196 (4th Cir.1977). The court must first balance the "likelihood" of irreparable harm to the petitioner against the "likelihood" of harm to the respondent. *Id.* at 195. "If that balance is struck in favor of plaintiff, it is enough [to support injunctive relief] that grave or serious questions are presented." *Id.* at 195. In this situation the plaintiff need not show a likelihood of success on the merits. *Id.* at 195. The relative importance of the probability of success increases as the probability of irreparable injury to the plaintiff decreases. *Id.* at 195. Finally, the public interest must be considered. *Id.* at 196.

■ Addressing the likelihood of harm to each party, the Court first notes that Brent's continued home schooling causes no direct harm to the State. Based on the facts presented, however, reentry into public school also causes little, if any, harm to Brent. The Plaintiffs made no showing that Brent's education will suffer if home instruction is ended and he is returned to public school. His standardized, composite scores may well improve, as shown by a composite score of 62 percent following the second grade of public school, versus 17 and 38 percent while in home schooling. The Court concludes neither the State nor Plaintiffs showed a balance of harm in their favor.

Accordingly the next issue is the Plaintiffs' likelihood of success on the merits. The Court first notes that states have a strong interest in educating their citizens; providing public schools is one of the most important functions of the State. *Wisconsin v. Yoder*, 406 U.S. 205, 213–215, 92 S.Ct. 1526, 1532–33, 32 L.Ed.2d 15 (1972). Correspondingly, parents have a Fourteenth Amendment liberty interest in "direct[ing] the upbringing and education of children under their control." *Pierce v. Society of Sisters*, 268 U.S. 510, 534–535, 45 S.Ct. 571, 573, 69 L.Ed. 1070 (1925).

■ The state's interest in education is subject to a balancing process when it impinges on fundamental rights and interests, such as those specifically protected by the Free Exercise Clause of the First Amendment. *Wisconsin v. Yoder*, 406 U.S. at 214, 92 S.Ct. at 1532–33. When no specific fundamental right is involved, and only a general, Fourteenth Amendment liberty interest is at stake, then the parents' liberty interest is subject to reasonable state regulation. *Id.* at 213, 233, 92 S.Ct. at 1532, 1542; *Pierce v. Society of Sisters*, 268 U.S. at 535, 45 S.Ct. at 573–74.

■ The Plaintiffs' amended complaint asserts that W.Va.Code § 18–8–1, Exemption B(b) constitutes "a violation of the fundamental right of parents to direct the education of

their children," and "a violation of the liberty interest protected by the Due Process Clause." Thus complaint only refers to a general liberty interest, and does not refer to specific fundamental rights as in the *Yoder* case. The Plaintiffs' claims therefore involve a general liberty interest subject to reasonable state regulation.

█ Based on a "reasonableness" standard, this Court concludes that W.Va.Code § 18–8–1, Exemption B(b) is reasonable and that Plaintiffs' due process claim is meritless. State statutes are presumed valid and constitutional. *Telvest, Inc. v. Bradshaw,* 618 F.2d 1029, 1033 (4th Cir.1980); *Graham v. Richardson,* 403 U.S. 365, 382–383, 91 S.Ct. 1848, 1857, 29 L.Ed.2d 534 (1971). The Supreme Court of Appeals of West Virginia has held that "Exemption B in *Code,* 18–8–1 [1951] itself provides a constitutionally sound vehicle for balancing and reconciling all divergent constitutional interests." *State v. Riddle,* 168 W.Va. 429, 440, 285 S.E.2d 359, 365 (1981).

This Court sees no reason to depart from the *Riddle* holding. Assuming Brent's test results were "average," as alleged by the Plaintiffs, the state statute's 40 percent cutoff reasonably may be intended to promote above average scores. The Plaintiffs have failed to overcome the presumption favoring the statute's validity. The Court also notes that at least two other states—Virginia and New Hampshire—have laws requiring a composite score of 40 percent or higher.

█ The Plaintiffs also claim that W.Va. Code § 18–8–1 violates the Equal Protection Clause of the Fourteenth Amendment. The amended complaint does not refer to any suspect class based on characteristics of race, national origin, citizenship, sex, or legitimacy. As discussed above, no specific fundamental right is involved. Accordingly Plaintiffs' Equal Protection claim is subject to the rational basis standard of review. *Pennell v. City of San Jose,* 485 U.S. 1, 14, 108 S.Ct. 849, 858–59, 99 L.Ed.2d 1 (1988). For reasons previously stated the Court concludes that W.Va.Code § 18–8–1, Exemption B(b), is rationally related to a legitimate state purpose, and that Plaintiffs' Equal Protection claim is meritless.

The Plaintiffs' final claim arises under 42 U.S.C. § 1983, which provides that any person acting under color of statute, who deprives a United States citizen of rights secured by the Constitution or laws of the United States, shall be held liable for such acts. Because the Defendants have not deprived the Plaintiffs of a Constitutional right, the Court concludes that Plaintiffs' allegations under § 1983 are meritless.

Accordingly the Court DENIES the Plaintiffs' motion for preliminary injunction. The likelihood of harm does not weigh in Plaintiffs' favor, Plaintiffs have not demonstrated likelihood of success on the merits, and the public interest in thoroughly educating its citizens is substantial. Based on the Defendants' right to judgment on the Constitutional claims and the § 1983 claim, the Court GRANTS the Defendants' motion for summary judgment.